# Third District Court of Appeal
## State of Florida

Opinion filed April 1, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0148
Lower Tribunal No. 18-22716-CA-01
_____

**Sandalwood 7160 LLC,**
Appellant,

vs.

**Gonzalo J. Estevez, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

South Florida Appeals, P.A., and Wm. Allen Bonner, for appellant.

Marcus Law Center, LLC, and Nicholas M. Vicente, and Alan K. Marcus, for appellees.

Before LINDSEY, LOBREE and GOODEN, JJ.

PER CURIAM.

This case centers on the failed sale of four properties owned by the Estevez family. Appellees Gonzalo J. Estevez and Neivis J. Estevez owned

one parcel, while their father, Appellee Gonzalo B. Estevez, owned the remaining three. With the assistance of a broker, the Estevezes sought to sell these properties. Appellant Sandalwood 7160, LLC, through its predecessor-in-interest, came forward as the buyer.

The transaction was plagued by inconsistent execution. The initial contract included the names and signature lines for only two owners. So Gonzalo J. Estevez and Neivis J. Estevez signed the agreement. An addendum was later executed, again only signed by Gonzalo J. Estevez and Neivis J. Estevez.

An inspection revealed numerous issues, including municipal violations and liens. Sandalwood demanded the defects be cured. This prompted a new round of negotiations. A second addendum with revised terms was proposed. This addendum was signed by Gonzalo B. Estevez and Neivis J. Estevez, but it was never executed by Sandalwood.

Despite further negotiations, Sandalwood rejected any new terms and attempted to force a closing of the initial contract. Sandalwood followed through by signing the paperwork and placing monies into escrow. The Estevezes refused to proceed, informing Sandalwood that the deal was off and directing that the escrowed funds be returned.

Following the collapse of the sale, Sandalwood initiated litigation against Gonzalo J. Estevez and Neivis J. Estevez for breach of contract and specific performance.  The defendants maintained that the contract was invalid due to the absence of their father's signature.  In response, Sandalwood amended its complaint to include Gonzalo B. Estevez as a defendant and added claims for reformation and fraud against all three parties.  Additionally, Sandalwood asserted claims for breach of contract and breach of the implied covenant of good faith and fair dealing against the children.  Central to Sandalwood's position is the contention that a binding agreement for the purchase and sale of all four properties exists.

After an eight-day bench trial, the court issued a comprehensive, thirty-eight page order analyzing each cause of action.  Ultimately, it entered final judgment against Sandalwood and in favor of the Estevezes.  Sandalwood now appeals this final judgment, though it has narrowed the scope of its challenge to only two counts: specific performance and breach of contract.

Having thoroughly reviewed the record, trial transcripts, and arguments of the parties, we affirm in all respects.  See § 725.01, Fla. Stat. (2023) ("No action shall be brought . . . to charge any person . . . upon any contract for the sale of lands, . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in

3

writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized."); <u>Muniz v. Crystal Lake Project, LLC</u>, 947 So. 2d 464, 469 (Fla. 3d DCA 2006) ("In order for a court to grant specific performance, the parties must have entered into an agreement that is definite, certain, and complete in all of its essential terms."); <u>Greater N.Y. Corp. v. Cenvill Miami Beach Corp.</u>, 620 So. 2d 1068, 1070 (Fla. 3d DCA 1993) ("It is well established that a meeting of the minds of the parties on all essential elements is a prerequisite to the existence of an enforceable contract, and where it appears that the parties are continuing to negotiate as to essential terms of an agreement, there can be no meeting of the minds."); <u>Truly Nolen, Inc. v. Atlas Moving & Storage Warehouses, Inc.</u>, 125 So. 2d 903, 905 (Fla. 3d DCA 1961) ("The rule is generally recognized that for the parties to have a contract, there must be reciprocal assent to certain and definite propositions."); <u>Gonzalez v. Barrenechea</u>, 170 So. 3d 13, 16 (Fla. 3d DCA 2015) ("Under Florida law, 'the plaintiff must present evidence regarding a reasonable certainty as to its amount of damages, and a plaintiff's claim cannot be based upon speculation or guesswork.'") (citing <u>Regions Bank v. Maroone Chevrolet, L.L.C.</u>, 118 So. 3d 251, 257 (Fla. 3d DCA 2013)).

Affirmed.